NUMBER 13-00-00285-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


______________________________________________________________

PABLO ALFARO BARRAJAS, Appellant,

v.


THE STATE OF TEXAS, Appellee.


 On appeal from the 206th District Court of Hidalgo County, Texas.

O P I N I O N


Before Justices Dorsey, Hinojosa, and Kennedy (1)


Opinion by Justice Kennedy


Appellant was convicted by a jury of attempted second degree murder. The jury then assessed
punishment at confinement for twelve years. The evidence was that appellant shot his victim in the face
with a shotgun. Appellant's sole issue alleges ineffective assistance of counsel in these words: 

The failure of trial counsel to urge a motion to suppress, or object, to an impermissibly suggestive pre-trial
identification, rises to the level of ineffective assistance of counsel, where there was no 'in court'
independent identification of the defendant by the victim.

The evidence heard by the jury showed that the victim had given a ride to a female. The victim was
directed down a canal bank by his female passenger and was met by another vehicle bearing two men,
appellant and a man who later testified against appellant. When the vehicle stopped, appellant got out of
his vehicle and went to the victim's vehicle where he proceeded to shoot the victim in the face and
shoulder with a shotgun. The victim survived and testified against appellant.

The victim was first questioned by investigating officers in the hospital on the night of the shooting. He
gave the officers a description of his assailant. Several days later the victim was shown a newspaper
photo of appellant and the female to whom he had given a ride. He identified appellant from the photo. It
is this photograph which is the basis of appellant's argument that the pretrial investigation contained an
impermissible suggestion of who had shot him, based upon the fact that the photo was not shown along
with photos of other men.

We judge ineffective assistance by the two-part standard given in Strickland v. Washington, 466 U.S. 668
(1984). The standard provides that in addition to proving deficient performance, appellant must also
show that there is a reasonable probability that, but for his counsel's deficient performance, the outcome
of the proceedings would have been different. Id. at 694. The Strickland standard was adopted by this
state in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). A review of counsel's performance
will be highly deferential. Strickland, 466 U.S. at 689; Garcia v. State, 887 S.W.2d 862, 880 (Tex. Crim.
App. 1994). In addition, a reviewing court will employ a strong presumption that counsel's conduct
constituted sound trial strategy. Strickland, 466 U.S. at 689; Miniel v. State, 831 S.W.2d 310, 323
(Tex. Crim. App. 1992). 

First, it should be noted that the officer who showed the questioned photo to the victim was attempting
to get the victim to identify the female in the photo. The victim, of his own volition, identified appellant in
addition to the female.

Since no showing was made as to why trial counsel made no objection to the procedure, we are left to
speculate why, and this we cannot do. As stated, a reviewing court will employ a strong presumption
that counsel's conduct constituted sound trial strategy. Trial counsel did argue the impropriety of the 
identification procedure to the jury. He may very well have concluded that this strategy would be more
effective than the one suggested by appellant herein. 

We conclude that appellant has failed the first prong of the Strickland test. The second prong, that the
outcome of the trial would have been different also has not been shown. In addition to the identification
of appellant from the newspaper photo, the victim had already given the officers a physical description of
appellant on the night of the shooting. His in-court identification of appellant was positive. The person
who was with appellant on the night of the shooting, identified appellant in court and testified to the
events that led up to the shooting. In view of this evidence available to the State, we cannot conclude
that the motion to suppress would have been granted. Appellant has failed to show how the result of the
trial would have been different if counsel had objected to or moved to suppress the in-court identification.

We deny the relief sought by appellant's sole issue and AFFIRM the judgment of the trial court. 

NOAH KENNEDY

Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed

this 16th day of August, 2001.

1. Senior Justice Noah Kennedy assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).